**Petition for Naturalization of Joseph BRZEZINSKI.**

**No. 662190.**

United States District Court
S. D. New York.

July 12, 1956.

Joseph Brzezinski, pro se.

Morris Rifkin, Naturalization Examiner, Department of Justice, Immigration and Naturalization Service, New York City, for respondent.

LEVET, District Judge.

The question presented on this application for naturalization is whether the petitioner has established lawful admission to the United States as required by law.

Petitioner was last admitted to the United States at the Port of Philadelphia, Pennsylvania, on or about October 3, 1949, as a member of the crew of the S. S. Hadrian for shore leave while the vessel was in port, not to exceed twenty-nine days, under the provisions of Section 3(5) of the Immigration Act of 1924, now 8 U.S.C.A. § 1101(a) (15) (D). Petitioner has remained in the United States continuously since such entry except in connection with his service in the Armed Forces of the United States.

At a hearing on petitioner's application for voluntary departure from the United States rather than deportation, held on July 31, 1950, petitioner testified in effect that his intention was to stay in the United States at the time of his last entry in October 1949 at Philadelphia, Pennsylvania, under the granted shore leave.

The petition for naturalization herein was filed on May 31, 1955 under the provisions of the Act of June 30, 1953, Public Law 86, 83rd Congress, 67 Stat. 108, 8 U.S.C.A. § 1440a et seq. Under the provisions of this statute, the petitioner is required to establish either lawful admission to the United States for permanent residence or at least lawful admission to the United States as a nonimmigrant. The petitioner has never obtained an immigration visa as required by Section 13(a) of the Immigration Act of 1924, now 8 U.S.C.A. § 1181(a), and has never been admitted to the United States for permanent residence. The evidence shows that at the time of his admission into the United States, he intended to remain here permanently, and consequently he was not admissible as a citizen under the provisions of Section 3(5) of the Immigration Act of 1924. As petitioner intended to remain in the United States permanently, he was required to be in possession of an immigration visa, which he did not possess. Therefore, the Naturalization Examiner's findings of fact and conclusions of law must be sustained, and the petitioner must be denied naturalization.

So ordered.